UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CRAIG JOHNSON, | Case No. 16-CV-1878 (MJD/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MINNESOTA STATE HOSPITAL; NORTHERN PINES; CROSSLAKE POLICE; CITY OF CROSSLAKE; PRODUCTIVE ALTERNATIVES; MCDONALDS; and ZORBAZ, | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff Craig Johnson's ("Plaintiff") application seeking leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. [Docket No. 2]. For the reasons discussed below, it is recommended that Johnson's IFP application be denied and that this action be dismissed.

Plaintiff did not pay the required filing fee for this case, but instead applied to proceed *in forma pauperis* ("IFP"). ( *See* [Docket No. 2]). That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court concludes that Johnson qualifies financially for IFP status. That said, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996)

(per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Johnson's Complaint is difficult to follow. It appears that, at some point, he was detained at a hospital in Wadena, Minnesota, perhaps for mental health reasons. *See* Compl. at 4. Johnson alleges that, while detained, he was questioned about involvement with the FBI, (perhaps) forcibly medicated, and injured during the course of working. *Id*. at 4, 6. Johnson also raises what appear to be unrelated allegations involving police officers and private businesses he has encountered since his detention. *Id*. at 6-13. As a remedy, Johnson seeks $5 billion in monetary relief. *Id*. at 4.

This Court is not entirely sure what legal claims Johnson is attempting to raise. The allegations against the various defendants named in this action seem to be only loosely connected, if they are connected at all. Moreover, it is not clear whether Johnson believes that he was detained

illegally, or whether the forced medication somehow violated the law, or whether the defendants are being alleged to have acted unlawfully in some other, different way. Simply put, the complaint puts neither the Court nor the defendants on notice of the allegedly wrongful conduct being challenged in this action or the legal basis on which that challenge is being raised. Accordingly, this Court recommends that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(ii). Because Johnson's Complaint is perhaps amenable to repleading, it is recommended that the dismissal be *without* prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff Craig Johnson's application to proceed *in forma pauperis*, [Docket No. 2], be **DENIED**.

Dated: July 15, 2016

s/Leo I. Brisbois
Leo I. Brisbois
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.